IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEREK PHILLIPS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br><br>*Plaintiff*,<br><br>v.<br><br>AMERIFIELD, INC., and BRANDON FOSTER, Individually<br><br>*Defendants*. | Civil Action No. 4:17-cv-3239<br><br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Derek Phillips, individually and on behalf of all others similarly situated, files this Original Complaint against the above-named Defendants and in support states the following:

### I.     SUMMARY

This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  Plaintiff and Defendants' other "Frac Sand Equipment Operators" worked for Defendants performing technical and manual labor and regularly worked well in excess of 40 hours per workweek.  Instead of paying overtime as required by the FLSA, Defendants paid these frontline oilfield workers primarily on a salaried basis and improperly treated them as "exempt" from the FLSA.

### II.     PARTIES

1. Plaintiff Derek Phillips is an individual who worked for Defendants at various sites throughout the United States and resides in this District. His consent to participate is attached to this Complaint as an Exhibit.

2. The "Class Members" are Defendants' current and former "Frac Sand Equipment Operators" who were paid primarily on a salaried basis and who, regardless of precise title used for their position, performed similar duties and worked within the three years preceding this Complaint's filing.

3. Defendant Amerifield, Inc. (hereinafter, "Amerifield"), may be served through its registered agent Brandon Foster at 4430 South Memorial Dr., Tulsa, OK 74145 or wherever he may be found.

4. Defendant Brandon Foster ("Foster") is an individual who may be served at 4430 South Memorial Dr., Tulsa, OK 74145 or wherever he may be found.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff asserted a claim arising under federal law.

6. Venue is proper in this District because one or more of the Parties reside in this District and the events forming the basis of this lawsuit occurred in this District.

### IV. COVERAGE FACTS

7. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer, joint or successor employer with respect to Plaintiff and the Class Members.

8. At all times hereinafter mentioned, Defendants have been an employer, joint or successor employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Defendant Amerifield describes itself as a "Leading Contender in the Frac Sand Industry" and does more than $500,000.00 per year in business.

13. During the period covered by this lawsuit, Defendant Foster has been an owner or officer of Amerifield. He has been responsible for running the day-to-day activities of the company. He made decisions about how the company should operate, market itself, acquire work, pay its employees and vendors, and treat its employees, including Plaintiff. In this capacity and through these acts, Foster was responsible for designing and/or approving, implementing, and enforcing the pay plans for Plaintiff and the Class Members which violate the FLSA.

14. Plaintiff worked for Defendants within the statutory period, during the three years prior to the filing of this lawsuit, and until approximately August 2017.

15. Plaintiff was employed by Defendants in a variety of capacities including as a frac sand equipment operator, coordinator and mechanic ("Frac Sand Equipment Operator").

16. At all relevant times and regardless of precise title used for his position or work, Plaintiff's duties consisted of blue-collar work involving the preparation of equipment, completing daily checklists, and performing other manual/technical labor necessary to service

Defendants' oilfield operations throughout Texas and the United States. Plaintiff did not have managerial responsibilities, supervise two or more employees, possess the power to hire/fire, or exercise independent discretion or judgment in regards to matters of significance.

17. During his entire employment and during weeks covered by this lawsuit, Plaintiff regularly worked over 40 hours per workweek. In fact, Plaintiff worked as many as 80 hours (or more) in weeks covered by this lawsuit. Defendants knew that Plaintiff regularly worked in excess of 40 hours per week during weeks covered by this lawsuit. In fact, Defendants allowed and directed him to do so.

18. Defendants paid Plaintiff a salary for this work or otherwise treated him as exempt from the FLSA and failed to pay any overtime pay despite him regularly working overtime hours.

19. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 hours per workweek. Defendants were aware of the FLSA's overtime requirements, received complaints regarding excessive work hours and insufficient pay, but refused to pay Plaintiff overtime. Defendants knowingly, willfully or with reckless disregard carried out their illegal practice of failing to pay Plaintiff overtime.

## VI. COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff and the Class Members performed the same or similar non-exempt job duties as one another. Specifically, they performed physical, manual or technical tasks necessary to provide Defendants' frac sand oilfield services to Defendants' clients. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half of their regular rates of pay for all hours worked in excess of 40 hours in a workweek. Specifically, Defendants failed to pay Plaintiff and Class Members at the rates required by the FLSA because Defendants paid these individuals primarily

under a salaried basis or treated them as "exempt" and failed to provide overtime pay for overtime hours worked. Accordingly, the Class Members were victimized by Defendants' unlawful pattern and practices and are similarly situated to Plaintiff in terms of job duties and pay.

21. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

22. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. During the relevant time period, Defendants violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

24. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants jointly and severally as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

    b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

    d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Jay Forester*

**J. FORESTER**
*CO-ATTORNEY IN CHARGE*
Texas Bar No. 24087532
SD Bar No. 2657413
**FORESTER LAW PC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 288-8519 phone
(214) 346-5909 fax
thewagelawyers.com

**M. SHANE MCGUIRE**
*CO-ATTORNEY IN CHARGE*
Texas Bar No. 24055940
The McGuire Firm, PC
102 N. College, Suite 301
Tyler, Texas 75702

903.630.7154 phone
903.630.7173 fax

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

_/s/ Jay Forester_
**J. FORESTER**