IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEREK PHILLIPS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B) | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 4:17-cv-3239 |
| v. | ) ) ) | |
| AMERIFIELD, INC., and BRANDON FOSTER, Individually | ) ) ) ) | |
| Defendants. | ) | |

**JOINT MOTION FOR APPROVAL OF
CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND
STIPULATION OF DISMISSAL OF LAWSUIT WITH PREJUDICE**

Plaintiff Derek Phillips [Dkt. 1-1] ("Plaintiff") and Opt-in Plaintiff Steven Carlson [Dkt. 3] ("Opt-in Plaintiff") (collectively, "Plaintiffs") and Defendants Amerifield, Inc. and Brandon Foster (collectively, "Defendants") file this Joint Motion for Approval of Confidential Negotiated Settlement Agreement and Stipulation of Dismissal of Lawsuit with Prejudice ("Motion and Stipulation") and in support would show as follows:

**I.   INTRODUCTION AND BACKGROUND**

On October 25, 2017, Plaintiff filed this collective action lawsuit (the "Lawsuit") against Defendants Amerifield, Inc. and Brandon Foster, on behalf of himself and a putative class of exempt sand coordinators. Plaintiff alleges in this Lawsuit that Defendants incorrectly classified and failed to pay him and the putative class members overtime for all hours worked in excess of forty (40) in a single workweek in violation of the Fair Labor Standards Act ("FLSA") [Dkt. 1]. That same day, Steven Carlson filed a consent to opt into this Lawsuit [Dkt. 3]. Plaintiff, along

with the Opt-In Plaintiff, are collectively referred to herein and defined in the Settlement Agreement as "Plaintiffs."

Defendants' denied Plaintiffs' allegations and asserted affirmative and other defenses [Dkts. 13 & 14].

Throughout March and April 2018, Plaintiffs and Defendants (collectively, the "Parties") participated in discovery and settlement negotiations. During these negotiations, Defendants provided complete extensive, detailed payroll information for the Plaintiffs to the below-signed counsel ("Class Counsel"). On May 8, 2018, the Parties reached a settlement in principal, which was later memorialized in the Settlement Agreement.

Over the life of this Lawsuit, the Parties conducted informal and formal discovery, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted. Based upon Class Counsel's investigation, legal evaluation, and assessment of the contested legal and factual issues involved in this Lawsuit, including Class Counsel's understanding of the uncertainties of litigation and the relative benefits conferred upon the Plaintiffs pursuant to the Settlement Agreement, Class Counsel concluded that this settlement is fair, reasonable, adequate, and in the best interests of the Plaintiffs.

Without any admission of liability, Defendants desire to compromise and settle this Lawsuit and all claims by the Plaintiffs pertaining to the payment of wages during the Class Period (as defined in the Settlement Agreement), including, but not limited to, claims under the FLSA, or any other federal, state, or local law for alleged unpaid overtime wages, underpaid wages, unpaid wages, liquidated damages, or any other damages, penalties, restitution, attorneys' fees, costs, and interest.

As shown through this Motion and Stipulation, the proposed settlement is the result of

arm's-length negotiations, conducted by experienced counsel for all Parties, after formally and informally exchanging information, and engaging in substantial negotiations during a two-month period. The terms of the Settlement Agreement are reasonable and appropriate and fair to all Parties involved. Accordingly, the Parties ask the Court to approve the Settlement Agreement and to enter an order dismissing this Lawsuit with prejudice.

## II.     SETTLEMENT TERMS

The Parties reached a settlement on behalf of all Plaintiffs. Half of each Plaintiff's Settlement Award, as defined in the Settlement Agreement, will be subject to applicable taxes and withholdings and reported on an IRS Form W2. The other half of each Plaintiff's Settlement Award will be reported on an IRS Form 1099.

## III.    ARGUMENT

The Parties now seek Court approval of the Settlement Agreement. The Settlement Agreement represents a fair compromise of a bona fide dispute concerning the legality of Defendants' compensation practices with respect to the Plaintiffs.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Villeda v. Landry's Rests., Inc.*, No. H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda*, 2009 WL 3233405, at *1 (quoting *Lynn's*, 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute

over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355.

A. <u>**BONA FIDE DISPUTE EXISTED**</u>

Congress recognized that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts that endangered national health and efficiency and the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement). Due to this unequal bargaining power, Courts must ensure that a settlement agreement, following an FLSA claim, is the product of a bona fide dispute.

In the instant case, the Parties contested the claims and defenses asserted. Plaintiffs alleged that they were misclassified as exempt salaried employees and not paid overtime for any hours worked over forty hours in a workweek. Defendants argued that the claims of the Plaintiffs were barred, in whole or in part, because Defendants were not Plaintiffs' employer with respect to any of the acts or omissions alleged in the Lawsuit, and because Plaintiffs were covered by one or more of the overtime exemptions contained in all applicable laws, and because the alleged periods of unpaid work time were either already compensated by Defendants. The Parties also dispute the number of hours that Plaintiffs claim to have provided services to Defendants.

Plaintiffs also contend that Defendants would not be able to meet their burden to prove that they acted in good faith, which would implicate the amount, if any of liquidated damages.

4

*See* 29 U.S.C. § 260. Defendants maintained that, at all times, they acted in good faith, and damages (if any) should be unliquidated and be recovered only for a two (2) year period.

The current settlement before the Court is the result of a bona fide and contested dispute where serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt.

B.     FAIR AND REASONABLE SETTLEMENT

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D.La. 2010) (citing *Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D.La. 2004)). As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The Settlement Agreement was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both Class Counsel and Counsel for Defendants, as applicable, have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and in this case, were particularly well informed as to the facts and circumstances of the Lawsuit. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

After the Parties reached an agreement on the settlement, the Parties engaged in continuous negotiations concerning the specific terms of the settlement and the scope of the Settlement Agreement. Further, it is important to note that Plaintiffs deem this settlement fair and reasonable.

IV.     **CONCLUSION**

The Parties believe that the terms and conditions of the Settlement Agreement are fair, reasonable, adequate, beneficial, and in the best interests of all Parties. As noted above, this proposed Settlement Agreement was reached following the exchange of information and data and after extensive negotiations. Because of the various defenses asserted by Defendants and the possibility that Defendants may have successfully defeated or limited some or all of the Plaintiffs' claims, including those claims related to employer liability, willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a bona fide dispute. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded through conditional certification, a motion for decertification and summary judgment, and on to trial, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with continued litigation, trial, and possibly appeal.

Plaintiffs hereby request that the Court: (1) approve this settlement, including all terms set forth in the Settlement Agreement and (2) dismiss this Lawsuit with prejudice.

**AGREED: June 14, 2018**

                                                                 s/ J. Forester
                                                   **J. FORESTER**
                                                   *CO-ATTORNEY IN CHARGE*
                                                   Texas Bar No. 24087532
                                                   SD Bar No. 2657413
                                                   Matthew Haynie
                                                   **FORESTER HAYNIE PLLC**
                                                   1701 N. Market Street, Suite 210
                                                   Dallas, Texas 75202
                                                   (214) 288-8519 phone
                                                   (214) 346-5909 fax
                                                   www.thewagelawyers.com

                                                   **M. SHANE MCGUIRE**
                                                   *CO-ATTORNEY IN CHARGE*
                                                   Texas Bar No. 24055940
                                                   Daniel A. Cook
                                                   Texas Bar No. 24097525
                                                   SD Bar No. 3162355
                                                   The McGuire Firm, PC
                                                   102 N. College, Suite 301
                                                   Tyler, Texas 75702
                                                   903.630.7154 phone
                                                   903.630.7173 fax

                                                   **CO-COUNSEL FOR PLAINTIFF**


                                                   */s/ David M. Gregory*
                                                   DAVID M. GREGORY
                                                   Texas State Bar No. 24007274
                                                   Southern District of Texas No. 24397
                                                   **LOCKE LORD LLP**
                                                   600 Travis Street, Suite 2800
                                                   Houston, Texas 77002
                                                   (713) 226-1200 (Telephone)
                                                   (713) 223-3717 (Facsimile)
                                                   dgregory@lockelord.com

                                                   **ATTORNEY-IN-CHARGE FOR DEFENDANTS AMERIFIELD, INC. AND BRANDON FOSTER**

**OF COUNSEL:**

LOCKE LORD LLP

KELLINE R. LINTON
Texas Bar No. 24085436
Southern District ID No. 2127346
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1164 (Telephone)
(713) 223-3717 (Facsimile)
kelline.linton@lockelord.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.

      _s/ J. Forester_____
      **J. FORESTER**